**PHOENIX TECHNOLOGIES, INC., Plaintiff,**

v.

**TRW, INC., Defendant.**

**No. 92–CV–5863.**

United States District Court, E.D. Pennsylvania.

Oct. 19, 1993.

A. Charles Peruto, Sr., Philadelphia, PA, for plaintiff.

Michael F.R. Harris, Jeffrey G. Weil, Thomas Dolgenos, Dechert, Price & Rhoads, Philadelphia, PA, Jennifer E. Millson, Deborah P. Warner, TRW Inc., Cleveland, OH, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the motion of defendant, TRW, Inc., to amend its counterclaim against plaintiff, Phoenix Technologies, Inc., pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff opposes this motion for three reasons: first, that the defendant delayed in filing this motion and there would be prejudice against plaintiff if defendant's motion was granted; second, that the proposed counterclaim for fraud would be futile because an Agreement of Purchase and Sale between the parties entitles defendant only to retain prepayment and option payments made by plaintiff as damages in the event of a breach; and third, even if defendant is entitled to bring a claim for fraud despite the agreement, that the proposed counterclaim fails to state a claim for fraud. However, for the reasons set forth more fully below, we hold that defendant is allowed to amend its counterclaim in this case.

### Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading by leave of court and that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a) (1993). Courts in this Circuit generally grant such requests liberally, and deny them only where there has been undue delay, bad faith or where it would be prejudicial to the nonmoving party. *Transport Workers, Local 234 v. SEPTA,* 137 F.R.D. 220, 223 (E.D.Pa.1991). Further, where the proposed counterclaim fails to state a cause of action or to raise meritorious claims, leave to amend should also be denied. *Perfect Plastics Indus. v. Cars & Concepts,* 758 F.Supp. 1080, 1082 (W.D.Pa.1991); *Transport Workers,* 137 F.R.D. at 223.

## Discussion

■ Plaintiff first argues that defendant's motion should be denied because defendant delayed in making its request. Plaintiff also argues that it would be prejudicial if leave to amend were granted because it has already conducted a vast number of depositions regarding the original counterclaim, and would therefore not have the opportunity to conduct discovery on the alleged fraud claim. In this regard, plaintiff notes that the discovery deadline was August 20, 1993. Finally, plaintiff alleges prejudice because it would have to file a responsive pleading and conduct additional discovery, thereby extending the trial date.[1] However, based on the facts as contained in the record, we find that there was no undue delay by defendant in filing its motion, and further, that there would be no prejudice to plaintiff if leave to amend were granted.

Defendant filed its original counterclaim on December 3, 1992. The counterclaim concerned an Agreement of Purchase and Sale ("Agreement") between the parties whereby defendant was to sell its customer service division ("CSD") to plaintiff for forty million dollars. The essence of the original counterclaim was that prior to executing this Agreement, plaintiff had represented to defendant in a letter dated September 21, 1990 that financing of the proposed acquisition was being finalized, and that plaintiff would have written confirmation of financing within two to three days. Defendant's original counterclaim, para. 3. Subsequent to entering into the agreement, the parties extended the closing date several times in order for plaintiff to secure financing. Defendant's motion to amend, page 2. Eventually, however, plaintiff failed to secure financing, and because closing did not occur by June 14, 1991, defendant alleged that plaintiff had terminated the agreement. Defendant's original counterclaim, para. 5. Defendant further alleged

that plaintiff promised, represented and warranted that it would purchase the CSD and that it would have the requisite financing, that plaintiff intended for defendant to rely on these promises and that defendant did rely on those promises. *Id.* at paras. 26–29. Finally, defendant alleged:

> if it is found that any provision of the Agreement has been breached fraudulently induced, or is for any reason unenforceable, or does not govern the dispute between Phoenix and TRW, TRW asserts this counterclaim for damages suffered as a proximate result of Phoenix's failure to comply with its promises, representations and/or warranties to TRW.

*Id.* at para. 6.

Defendant now asks for leave to amend its counterclaim in order to assert a claim of fraud against plaintiff with regard to plaintiff's alleged misrepresentations about obtaining financing. Defendant contends that it learned on August 18, 1993 through the deposition of Mr. Joseph A. Augustini, a representative of Metropolitan Life Insurance Company,[2] that, among other things, plaintiff was not nearly as close to securing financing as it alleged in its letter of Sept. 21, 1990, and that based on various statements in Mr. Augustini's deposition, plaintiff fraudulently induced defendant into entering into the Agreement with plaintiff. After learning this information, defendant filed the present motion on September 1, 1993, less than two weeks after Mr. Augustini's deposition was taken. In light of the fact that defendant's counsel filed its motion as promptly as possible after discovering this new information, we find there has been no undue delay in seeking leave to amend.[3]

■ We also reject plaintiff's argument that it will have to reconduct vast amounts of discovery in order to address defendant's

---

1. In essence, plaintiff contradicts its previous argument by making this argument.

2. Allegedly, Metropolitan Life was one of the expected sources of funding.

3. Moreover, we reject plaintiff's argument that because defendant knew all along that plaintiff did not have financing, defendant caused undue

delay by waiting until September 1993 to file its motion. As defendant notes in its reply to plaintiff's response to the motion to amend, it does not matter that defendant knew plaintiff had not obtained financing, what matters is whether plaintiff ever intended to obtain financing in the first place. It appears from careful scrutiny of Mr. Augustini's deposition, that his testimony relates to the latter issue.

proposed amended counterclaim. The proposed amended counterclaim does not vary significantly from the original counterclaim, except that defendant now asserts that plaintiff knew or should have known at the time it made the representations that they were not true, and that plaintiff was not going to comply with its promises. Defendant's proposed amended counterclaim, para. 32. The only other significant changes between the two are the amount of compensatory damages requested by defendant, as well as a prayer for punitive damages. *See* Defendant's proposed amended counterclaim, para. 38, and prayer for relief. Given that the original counterclaim included all of the other allegations that are included in the proposed amended counterclaim, plaintiff is not prejudiced by having to reconduct any discovery, if any, is necessary. This is especially true since the fraud claim pertains to plaintiff's own knowledge and intentions which existed at the time the Agreement was entered into, and it is unlikely that plaintiff would need to conduct discovery in order to ascertain its own beliefs and intentions.[4]

▉ Plaintiff next opposes defendant's motion by asserting that defendant's proposed amended counterclaim is futile because the Agreement between the parties limits the type of recovery which can be obtained in the event of a breach. Specifically, plaintiff argues that under paragraph 6.7 of the Agreement, if plaintiff should fail to consummate the Agreement, defendant "shall retain the Prepayment as liquidated damages ... and that ... [Defendant] shall have no other claim against Phoenix hereunder." Agreement, para. 6.7. Moreover, the amendment to the Agreement also states that defendant shall retain the option payments as liquidated

damages and that defendant shall have no other claim against plaintiff. Amended agreement, para. 6.7.

It is a well settled principle of contract law that if a party is fraudulently induced into entering a contract, the terms of the contract are not enforceable against the defrauded party.[5] *Redick v. Kraft, Inc.*, 745 F.Supp. 296, 301 (E.D.Pa.1990) ("A party may avoid a contract by showing that he is the victim of a [fraudulent] misrepresentation by the other contracting party."); *Culbreth v. Simone*, 511 F.Supp. 906, 915–16 (E.D.Pa.1981); *Ramapo Bank v. Bechtel*, 224 N.J.Super. 191, 539 A.2d 1276, 1279 n. 3 (App.Div.1988) ("Fraud is a valid ground for rescission of a contract."); *Notch View Assoc. v. Smith*, 260 N.J.Super. 190, 197, 615 A.2d 676, 680 (Law Div.1992); *Campco Distrib., Inc. v. Fries*, 42 Ohio App.3d 200, 204, 537 N.E.2d 661, 665 (1987) ("Generally, where there is fraud in the execution of an agreement, ... the transaction is wholly void."); *Hanes v. Giambrone*, 14 Ohio App.3d 400, 405, 471 N.E.2d 801, 808 (1984); *College Watercolor Group, Inc. v. William H. Newbauer, Inc.*, 468 Pa. 103, 115, 360 A.2d 200, 206 (1976). Thus, even if the contract governs this situation as plaintiff asserts,[6] it is clear that the provisions limiting defendant's damages would not govern if defendant's claim of fraudulent inducement was proven. As such, it is not futile to allow defendant to amend its counterclaim.

▉ Finally, plaintiff argues that defendant's motion should be denied because defendant has failed to state a cause of action for fraud. Plaintiff contends that because plaintiff's promises to obtain financing relate to representations of future actions, defendant's allegations do not constitute allega-

---

4. We note that while the discovery deadline has ended, plaintiff can always petition the Court should it need to conduct additional discovery. Further, plaintiff has recently asked this Court to extend the proposed November, 1993 trial date until some time in February, 1994, therefore, plaintiff's argument that the extension of the trial date due to granting leave to amend will cause prejudice is baseless.

5. Although defendant claims that the parties have contracted that Ohio law will govern in the event of any dispute that may arise, plaintiff and defendant both include Pennsylvania, New Jersey

and Ohio law in their briefs. Since the laws of those three states are the same with respect to this issue and the next issue of whether defendant has properly stated a claim for fraud, we decline to decide which law governs at this juncture.

6. Defendant asserts that the cited provisions do not even apply here because they only pertain to damages against plaintiff for failing to close, and this claim seeks damages against plaintiff for fraudulent inducement.

tions of fraud because they must relate to representations of present or past facts. While plaintiff is correct that in order to state a cause of action for fraud the allegations must relate to representations of past or present facts, *see Notch View Assoc.*, 260 N.J.Super. 190, 202, 615 A.2d 676, 682 ("statements as to future events, expectations, or intended acts, do not constitute misrepresentations despite their falsity"); *Link v. Leadworks Corp.*, 79 Ohio App.3d 735, 742, 607 N.E.2d 1140, 1145 (1992); *College Watercolor*, 468 Pa. 103, 115, 360 A.2d 200, 206, if one states an intention to take future action which does not actually comport with one's true state of mind at that time, it is a misrepresentation of an existing fact. *American Trade Partners v. A–1 Int'l Importing Enter., Ltd.*, 755 F.Supp. 1292, 1301 (E.D.Pa. 1990); *Redick v. Kraft, Inc.*, 745 F.Supp. 296, 301 n. 2 (E.D.Pa.1990) (while a claim for fraudulent misrepresentation cannot be based on a promised future action, it can if the present intention is false when uttered); *Van Dam Egg Co. v. Allendale Farms, Inc.*, 199 N.J.Super. 452, 456, 489 A.2d 1209, 1211 (App.Div.1985) ("A promise to pay in the future is fraudulent if there is no present intent ever to do so."); *Notch View*, 260 N.J.Super. 190, 202–03, 615 A.2d 676, 682 (" 'a false representation of an existing intention to a future event has been held to constitute actionable misrepresentation' "); *Link*, 79 Ohio App.3d at 742–43, 607 N.E.2d at 1145; *Freeman v. Westland Builders, Inc.*, 2 Ohio App.3d 212, 217, 441 N.E.2d 283, 289 (1981) ("fraud may not be predicated upon promises or representations relating to future conduct unless it is proven that, at the time of the promise, the person making the promise had no intention of carrying it out"); *College Watercolor*, 468 Pa. at 115–16, 360 A.2d at 206.

In the present case, defendant alleges that plaintiff "promised, represented, and/or warranted to TRW that Phoenix intended to buy TRW's Customer Service Division for $40 million and that it had or would promptly get the financing necessary to consummate that purchase." Defendant's proposed amended counterclaim, para. 28. Defendant now asserts it has evidence which suggests, among other things, that plaintiff had not even met with representatives of Metropolitan Life when it stated to defendant that financing would be finalized in two to three days, that Metropolitan Life never represented to plaintiff that it would extend financing, and that plaintiff knew shortly after entering into the Agreement that financing could not be obtained. If, as defendant asserts, plaintiff had no intention of obtaining financing or of buying the CSD at the time plaintiff made such representations, or if plaintiff knew that it could not obtain financing, and plaintiff made the representations in order to induce defendant into entering the Agreement, then plaintiff's statements constitute misrepresentations of existing fact.

Thus, we hold that defendant can amend its counterclaim in this case. Defendant's counterclaim adequately sets forth a claim for fraud, such claim would not be futile under the Agreement and finally, there is no undue delay or prejudice in this case. An appropriate order follows.

### ORDER

AND NOW, this 19th day of October, 1993, upon consideration of defendant, TRW, Inc.'s motion to amend its counterclaim pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and all responses thereto, it is hereby ORDERED that defendant's motion is GRANTED. It is further ORDERED that Defendant's proposed answer, affirmative defenses and amended counterclaim to plaintiff's complaint, attached to defendant's motion as Exhibit A, is deemed filed as of the entry date of this Order.