ELF ATOCHEM NORTH
AMERICA, INC.

v.

UNITED STATES of America, et al.

UNITED STATES of America

v.

WITCO CORPORATION

v.

ELF ATOCHEM NORTH
AMERICA, INC.

Civ.A. Nos. 92–7458, 94–0662.

United States District Court,
E.D. Pennsylvania.

May 3, 1995.

William J. Kennedy, Frederick G. Herold, and Eli R. Brill, Dechert, Price & Rhoads, Philadelphia, PA, for Elf Atochem North America, Inc.

Brud Rossmann, U.S. Dept. of Justice, Environmental and Natural Resources Div., and Jonathan A. Marks, U.S. Dept. of Justice,

Environmental Enforcement Section, Washington, DC, for the U.S.

Michael R. Lazerwitz, Charles F. Lettow, and Christopher G. Smith Cleary, Gottlieb, Steen & Hamilton, Washington, DC, for Witco Corp.

## MEMORANDUM

JOYNER, District Judge.

Witco Corporation seeks leave of this Court to Amend its Answer to the United States's Complaint in 94–0662 in order to assert a sixteenth affirmative defense. The United States opposes this Motion on the ground that the Motion is untimely and that amendment would unduly prejudice it.

 Federal Rule of Civil Procedure 15(a) sets forth the general principles governing amendment of pleadings. Any time after a responsive pleading has been served, a party may amend "only by leave of court or by written consent of the adverse party; and leave ˙shall be freely given when justice so requires." The decision whether to grant leave to amend rests within the sound discretion of the trial court, although the court's discretion is circumscribed by the liberal amendment philosophy behind the rule. *Snyder v. Baumecker,* 708 F.Supp. 1451, 1456 (D.N.J.1989); *Cahill v. Carroll,* 695 F.Supp. 836, 837 (E.D.Pa.1988). Factors in deciding a motion to amend include undue delay, undue prejudice to the opposing party and futility of amendment. *Averbach v. Rival Manufacturing Co.,* 879 F.2d 1196, 1203 (3d Cir.1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990) (citing *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). For example, if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant

new preparation, the court may deem it prejudicial. Likewise, if the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. 6 Charles A. Wright, Arthur R. Miller & May Kay Kane, *Federal Practice & Procedure* § 1487 at 637 (1990).

The United States served its Complaint on Witco in September, 1993, and Witco filed its Answer, including fifteen affirmative defenses and one counterclaim, in May, 1994. Discovery has proceeded, and at this date, fact discovery is complete, expert discovery is close to completion, and the case is set to enter this Court's trial pool in August, 1995.

 In general terms, this action is one for cost recovery pursuant to 42 U.S.C. § 9607(a); that is, the United States seeks to recover the costs it has expended in cleaning-up the contaminated site. In the proposed sixteenth affirmative defense, Witco seeks to challenge the remedy chosen by the EPA as arbitrary and capricious. If Witco were successful on such a challenge, it would not be liable to the government for any costs arbitrarily and capriciously incurred. 42 U.S.C. § 9613(j)(3).

 In Witco's moving brief in support of its Motion, Witco merely asserts that the amendment is proffered in a timely fashion, that the amendment would serve the interests of justice, no additional fact discovery need be had, and trial of the case would not be delayed. Witco's reply brief to the United States's responsive brief is more expansive.[1] In that brief, Witco argues that the Motion is timely because Witco did not become aware that the adequacy of the EPA's chosen remedy was in doubt until certain progress reports were released in January, 1995. Witco filed this Motion soon after receipt of those reports. Witco also argues that amendment

---

1. Witco's moving brief was less than three pages long and included no evidence in support of the Motion. The United·States responded with a 15–page brief and complete legal argument. In reply, Witco submitted a 13–page reply brief and attached a one-inch thick stack of exhibits.

It is apparent that Witco waited to make its legal and factual arguments until after the United States had revealed its approach to the issues. We do not approve of this style of litigation. It is incumbent upon counsel to make its client's best case in support of the motion in the moving brief, and also to anticipate and address arguments of opposing counsel. A reply brief is designed to address new matter raised unexpectedly by opposing counsel and is permitted only by leave of court. *See* Local Rule 20(c).

will not prejudice the United States because its defense is premised on information generated by the United States and other parties.

In contrast, the United States argues that this Motion is untimely because Witco has been aware of the EPA's chosen remedy since before this action was even filed. It points out that Witco itself argues only that the new information "confirms" that the chosen remedy may be inadequate. Therefore, the United States argues, the idea that the remedy could be challenged existed at the time Witco originally answered the Complaint.

The United States also argues that it would be prejudiced by adding this affirmative defense at this point. It argues that the issues in this case have been liability of the parties and allocation of that liability amongst the parties. If the remedy itself were challenged, a whole new area would be opened up, including the need for at least additional expert discovery, thereby prejudicing the United States and all the trial preparation it has done so far. It cites cases holding that when a new claim does not vary significantly from existing claims, its addition is not prejudicial, (*Phoenix Technologies, Inc. v. TRW, Inc.*, 834 F.Supp. 148 (E.D.Pa. 1993)) but that when the new claim is materially different, then opposing parties may well be prejudiced, and amendment should be denied. *Prevent, Inc. v. WNCK, Inc.*, No. 93–4516, 1994 WL 530144, 1994 U.S. Dist. Lexis 13712 (E.D.Pa. Sept. 27, 1994); *Morgan Guar. Trust v. Blum*, 649 F.2d 342 (5th Cir.1981).

■ We find that Witco's Motion to Amend is untimely because the potential challenge to the EPA's chosen remedy was a claim obvious from the start, if not from before the start of this litigation. The Complaint by the United States is one for cost recovery. An obvious defense to such a claim is to challenge the costs incurred. That Witco did not challenge the remedy until this late date amounts to a waiver of that claim. *Prevent*, No. 93–4516, slip op. at *4; 1994 WL 530144, *Morgan*, 649 F.2d at 345–46. We could also find that the motion is untimely based on the fact that discovery is virtually complete, and trial is looming

close. *Ross v. Jolly*, 151 F.R.D. 562 (E.D.Pa. 1993) (eight-month delay inordinate); *Phoenix Technologies, Inc. v. TRW, Inc.*, 154 F.R.D. 122, 123 (five month delay undue).

■ Passage of time alone does not mandate denial of leave to amend. However, this Court finds in addition that the United States would be prejudiced if this affirmative defense were added to this litigation today. *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d Cir.1987). The challenge to the remedy is materially different from the other defenses in place, and Witco has in no way demonstrated that it is not. Moreover, Witco has not supported its assertion that trial would not be delayed by adding this defense, and we do not see how trial could not be delayed. Challenges to administrative actions are no light matter, but require close examination of the administrative record. *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409 (6th Cir.1991). Evidence and argument concerning the record would necessarily add to the length of this trial. For these reasons, we DENY Witco's motion for leave to amend its answer to the Complaint in 94–0662.