**HEWLETT–PACKARD COMPANY,**
Plaintiff,

v.

**ARCH ASSOCIATES CORPORATION,**
et al., Defendants.

**Civil Action No. 95–1590.**

United States District Court,
E.D. Pennsylvania.

March 13, 1997.

Michael J. Holston, Leslie Gillin Bohner, Michael W. McTigue, Jr., Drinker Biddle & Reath, Philadelphia, PA, for Plaintiff.

Richard M. Meltzer, Mesirov Gelman Jaffe Cramer & Jamieson, Philadelphia, PA, John H. Harman, William N. Coggins, Coggins, Harman & Hewitt, Silver Spring, MD, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

Before the Court is Plaintiff Hewlett–Packard Company's Motion to Dismiss or Strike the Amended Answer and Counterclaims of Defendants Harbor Information Systems, Inc., AIM Technology, Inc., and C. Timothy Jewell. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This action concerns the sale and distribution of Plaintiff Hewlett–Packard Company's printers. On March 17, 1995, Hewlett–Packard Company ("HP") filed the Complaint in the instant action against nine defendants, including Harbor Information Systems, Inc., AIM Technology, Inc., and C. Timothy Jewell (collectively the "Jewell Defendants").[1] HP seeks damages, attorney's fees and costs against all defendants for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 *et seq.*, damages against all defendants for conspiracy to defraud, and damages against the Jewell Defendants for fraudulent misrepresentation and breach of contract.

The facts relevant to the instant Motion are as follows. On June 1, 1995, the Jewell Defendants filed their Answer and Counterclaim, alleging misrepresentation, breach of contract, interference with contractual relations, unjust enrichment, and antitrust violations against HP. At that stage of the litigation, Mr. Jewell was representing his fellow Jewell Defendants and himself *pro se*. On June 27, 1995, HP moved to dismiss these counterclaims, a motion to which the Jewell Defendants never responded. On July 26, 1995, HP's Motion was granted as uncontested pursuant to local court rules and the counterclaims were dismissed without prejudice. The Jewell Defendants did not seek to amend their pleading at this time, nor did they move for reconsideration under Rule 59(e).

After a highly contentious discovery process and several extensions of the deadlines in this case, an amended scheduling order was entered on September 17, 1996 requiring that all discovery be completed on October 30, 1996. Also on September 17, the Jewell Defendants obtained outside counsel. On September 25, 1996—fifteen months after their counterclaims had been dismissed and just over one month before the scheduled close of discovery—the Jewell Defendants filed an Amended Answer and Counterclaims. The amended counterclaims are otherwise essentially the same as those filed initially, except that they include a new claim under the Robinson–Patman Act, 15 U.S.C. § 13 (1973), and do not allege misrepresentation or interference with contractual relations. They are also based on the same federal statutes and state common law theories as counterclaims filed against HP by the Jewell Defendants' co-defendants (collectively the "Arch Defendants").

---

1. Jewell's relationship with Harbor and AIM is disputed. The Jewell Defendants deny HP's allegation that Jewell was the "owner and/or operator" of both Harbor and AIM at all times material to the Complaint. (Complaint, ¶ 19.)

On October 8, 1996, HP filed the instant Motion to Dismiss or Strike the Jewell Defendants' Amended Answer and Counterclaim. Additional complications arose in the discovery process, however, and this Court entered an Order staying these proceedings for 45 days. This stay having expired, we now resolve the instant Motion.

## DISCUSSION

### I. Is Leave to Amend Required?

 Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party." Fed. R.Civ.P. 15(a). A motion to dismiss is not a responsive pleading within the meaning of this rule. *Schnabel v. Bldg. and Const. Trades Council of Phila.*, 563 F.Supp. 1030, 1035 (E.D.Pa.1983); Fed.R.Civ.P. 7(a). It is generally held, however, that once a motion to dismiss has been granted, a plaintiff may amend its pleading only by leave of court. *See Averbach v. Rival Manufacturing Company*, 1986 WL 3111, *3 (E.D.Pa. Mar. 12, 1986); *see also Graue Mill Development Corp. v. Colonial Bank & Trust Company of Chicago*, 927 F.2d 988, 992 (7th Cir.1991).

HP moves to dismiss the Amended Answer and Counterclaim on the grounds that they failed to seek leave to file it, citing *Oy Tilgmann, AB v. Sport Publishing Int'l, Inc.*, 110 F.R.D. 68, 70 (E.D.Pa.1986), in this regard. The Jewell Defendants respond that leave of court is not required under Rule 15(a) because the original pleading was dismissed without prejudice. They point to *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir.1976), for the proposition that an order dismissing a complaint without prejudice is neither final nor appealable. *See also WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (noting that "the circuits have not been uniform in their approach to this issue"). They argue that their amended pleading may therefore be filed as of right.

We find this argument unpersuasive. Though our Order dismissing the original pleading set no deadline for filing an amended pleading, and the dismissal without prejudice has never been converted into one with prejudice, fifteen months passed before the amended pleading was filed. Wright and Miller summarize the prevailing practice in this context as follows:

> In general it has been held that a party may amend as of course within a reasonable time after an order dismissing the complaint has been entered, inasmuch as no responsive pleading has been served. However, if both an order dismissing the action and a final judgment have been entered, *or a substantial period of time has elapsed since the dismissal,* an amendment may be made only by leave of court.

6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1483 & n. 19 (1990) (citing cases) (emphasis added). Such a rule requires parties to litigate their cases diligently and serves the interest of finality, two considerations that are implicated here. Because fifteen months is plainly a substantial period of time, we find that the Jewell Defendants require leave to file their Amended Answer and Counterclaim. Rather than striking the pleading for failure to apply for such leave, however, we treat the Amended Answer and Counterclaim as a motion to amend.

### II. Should Leave to Amend be Granted?

 Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely granted when justice so requires." Fed.R.Civ.P. 15(a); *see also Dole v. Arco Chemical Co.*, 921 F.2d 484, 486–87 (3d Cir.1990). Factors that weigh against granting leave are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment." *Id.* at 487 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Our Court of Appeals has "interpreted these factors to mean that 'prejudice to the nonmoving party is the touchstone for the denial of an amendment.'" *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993) (citation omitted). Prejudice in this context includes un-

due difficulty litigating a case as a result of a change in tactics or theories by the other party. *See Schuylkill Skyport Inn, Inc. v. Rich*, 1996 WL 502280, *2 (E.D.Pa. Aug. 21, 1996); *Thompson v. Glenmede Trust Co.*, 1994 WL 675186, *2 (E.D.Pa. Nov. 23, 1994) (citing *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir.1969)); *see also Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984) ("at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party") (citation omitted). The non-movant has the burden of demonstrating that prejudice will result if amendment is allowed. *Kiser v. Gen. Elec. Co.*, 831 F.2d 423, 427–28 (3d Cir.1987).

The Jewell Defendants filed the pleading at issue here on September 25, 1996, fifteen months after the original pleading was dismissed. Their explanation for not seeking to amend sooner is that they were not represented by counsel until September 17, 1996. The lack of counsel does suggest the absence of bad faith or dilatory motive on their part, and indicates instead that Mr. Jewell was either unfamiliar with the rules or unable to proceed according to them. It does not, however, make the delay any less undue. *See, e.g., Agostino Ferrari, S.p.A. v. Antonacci*, 858 F.Supp. 478, 480 (E.D.Pa.1994) (finding that fifteen month delay, "with no justification offered than plain oversight, is inexcusable"); *Ross v. Jolly*, 151 F.R.D. 562 (E.D.Pa.1993) (finding eight month delay undue). The Jewell Defendants have been aware of each counterclaim (with the possible exception of the Robinson–Patman Act claim) at least since they filed their original Answer and Counterclaim on June 1, 1995. *See Elf Atochem North America, Inc. v. U.S.*, 161 F.R.D. 300, 302 (E.D.Pa.1995) (denying leave to amend answer where defendant had been aware of claim from start of litigation). That they knew to file the counterclaims in the first place suggests to this Court that they should also have known either (1) to respond to the motion to dismiss them or (2) to seek

to refile them once the claims had been dismissed. And though we agree that a degree of latitude is due the Jewell Defendants for proceeding without counsel, such latitude does not extend to excusing the unexplained fifteen month delay. Mr. Jewell decided for himself and for the two companies which he allegedly controls to litigate this case on his own. In so deciding he risked the consequences of failing to do so conscientiously.

Mindful of the clear instruction of our Court of Appeals, however, we do not rule against the Jewell Defendants based on delay alone, and inquire as to the prejudice that will befall HP if we permit amendment at this late date. HP argues that it will not be able to obtain adequate discovery concerning the claims if we grant leave to amend. HP points to the Arch Defendants' counterclaims, which, as noted *supra*, are based on the same federal statutes and state common law theories as the Jewell Defendants' amended claims. Following the denial of HP's motion to dismiss the Arch Defendants' antitrust, Robinson–Patman Act, and unjust enrichment counterclaims, *see Hewlett–Packard Co. v. Arch Associates Corp.*, 908 F.Supp. 265 (E.D.Pa.1995), HP served extensive discovery requests on the Arch Defendants relating to these claims. HP contends that it would not be able to take similar discovery from the Jewell Defendants—at least not without an additional extension of the discovery deadline in this already two-year old case. The Jewell Defendants respond that HP has already obtained discovery relating to its amended counterclaims, pointing to Interrogatories 56 through 59 of HP's First Set of Interrogatories.

We find that HP has demonstrated sufficient prejudice as to all but the Jewell Defendants' breach of contract counterclaim.[2] HP's Interrogatory 56 asks the Jewell Defendants to "[d]escribe in detail the factual basis for [their] contention ... that HP breached its contract with Harbor, AIM and Jewell, and identify all documents you have to support this contention." This request, which

---

2. We are mystified by the Jewell Defendants' contention that HP's Interrogatories 57, 58 and 59—which seek information concerning the interference with contractual relations, estoppel, and waiver affirmative defenses—somehow relate to the antitrust, Robinson–Patman Act and unjust enrichment counterclaims.

seeks information relating to the Jewell Defendants' breach of contract affirmative defense, plainly yields information relevant to the counterclaim as well. Any additional discovery that need be taken (concerning damages, for example) should not be unduly burdensome. Allowing amendment of the Jewell Defendants' remaining claims, however, would clearly lead to further delay and an additional round of time-consuming discovery. We conclude that subjecting HP to such prejudice at this late stage and under these circumstances is unwarranted. *See Berger v. Edgewater Steel Co.,* 911 F.2d 911, 924 (3d Cir.1990) (finding no abuse of discretion where district court denied leave to amend where granting leave would "inject new issues into the case requiring extensive discovery").

We therefore grant the Jewell Defendants leave to file the Amended Answer and Counterclaim only with respect to its breach of contract claim. HP's Motion to Dismiss or Strike is granted in all other respects.

An appropriate Order follows.

### ORDER

AND NOW, this 13th day of March, 1997, upon consideration of Plaintiff's Motion to Dismiss or Strike the Amended Answer and Counterclaim of Defendants Harbor Information Services, Inc., AIM Technologies, Inc. and C. Timothy Jewell, and the response and reply thereto, it is hereby ORDERED in accordance with the attached Memorandum that the Motion is GRANTED in PART and DENIED in PART as follows:

(1) Plaintiff's Motion is DENIED with respect to the breach of contract counterclaim;

(2) Plaintiff shall file a Reply to this counterclaim within twenty (20) days of the date of entry of this Order;

(3) Plaintiff's Motion is GRANTED in all other respects.